O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMELAND HOUSEWARES, LLC, a California LLC; NUTRIBULLET, LLC,L a California LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>EURO-PRO OPERATING LLC, a Massachusetts LLC,<br><br>    Defendant. | Case No. CV 14-03954 DDP (MANx)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>[Dkt. No. 24] |

Presently before the court is Defendant Euro-Pro Operating, LLC's Motion to Dismiss Plaintiffs' First Amended Complaint. Having considered the submissions of the parties, the court grants the motion in part and adopts the following order.

**I.   Background**

Plaintiffs Homeland Housewares, LLC and Nutribullet, LLC (hereinafter collectively referred to as "Homeland") and Defendant Euro-Pro Operating, LLC ("Euro-Pro") are both in the home blender market.  (First Amended Complaint ("FAC") ¶¶ 4&6, Dkt. No. 12.)

Plaintiffs sell several single-serving blenders under its BULLET line of products, including the NUTRIBULLET, the NUTRIBULLET

1  SPORT, and the NUTRIBULLET PRO.  (FAC ¶ 4, Exs. 2&4, Dkt. No. 12.)
2  Plaintiffs allege that they have spent several hundred million
3  dollars in advertisements for these products, including investing
4  in infomercials.  (Id.)
5       Defendant sells a competing single-serving blender called the
6  NUTRI NINJA that competes with Plaintiffs' NUTRIBULLET line of
7  products.  (Id. at ¶ 6, Ex. 2.)  Plaintiffs take issue with the
8  product packaging for the NUTRI NINJA.  (Id.)  Specifically,
9  Plaintiffs allege that Defendant duplicated "the color scheme,
10 fonts, phraseology, and overall look and feel of Plaintiff's
11 NUTRIBULLET packaging trade dress."  (Id.)  Moreover, NUTRI NINJA's
12 packaging compares the NUTRI NINJA to the NUTRIBULLET line
13 regarding several features in the form of a chart ("Chart").  (Id.)
14      Plaintiffs also allege that Defendant planted "false reviews
15 on the Internet, making false claims of defects in NUTRIBULLET
16 blenders and touting the NUTRI NINJA as a superior alternative."
17 (Id. at ¶ 9.)
18      On May 22, 2014, Plaintiffs filed the Original Complaint
19 seeking damages and injunctive relief for false advertising under
20 both federal and state statutes, trade dress infringement, trade
21 libel, and unfair competition.  (Dkt. No. 1.)  These claims are
22 based primarily on NUTRI NINJA's packaging.  (Id.)  On July 3,
23 2014, Plaintiffs filed a First Amended Complaint.  (Dkt. No. 12.)
24      In this motion to dismiss, Defendant seeks to dismiss all of
25 Plaintiffs' claims with prejudice under Fed. R. Civ. P. 12(b)(6),
26 arguing that Plaintiffs fail to state plausible claims.
27 ///
28 ///

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make a "short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Id. 678 (quoting Twombly, 550 U.S. at 555).

**III. Discussion**

**A. False Advertising Claim**

Because Defendant has withdrawn its motion to dismiss Plaintiffs' false advertising claims as to NUTRI NINJA's packaging, (Reply at 2:1-5), the Court considers the motion to dismiss solely as to Plaintiffs' false advertising claims based on allegedly false reviews.

The elements of a Lanham Act § 43(a)[1] false advertising claim are: "(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement . . . ." Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139 (9th Cir. 1997).

Plaintiffs have not sufficiently alleged facts to support its false advertising claim based on allegedly false reviews, primarily because it has not alleged clearly that Defendant made a false statement of fact.[2] Plaintiffs have not specified what sort of "false claims of defects" Defendant is supposed to have made. Without something more, the allegation is ambiguous. Do the

---

[1] The Lanham Act § 43(a), codified at 15 U.S.C. § 1125(a), provides in pertinent part:
    1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any ... false or misleading representation of fact, which—
       (A) ...
    (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.
15 U.S.C. § 1125(a) (1988).

[2] Defendant argues that Rule 9(b)'s fraud pleading standard applies to false advertising claims even though the Ninth Circuit has not clearly addressed this issue. See EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp., 711 F. Supp. 2d 1074, 1085 (C.D. Cal. 2010). However, the Court does not need to address whether Rule 9(b)'s heightened pleading standard applies to false advertising claims because Plaintiffs have not sufficiently pled facts to meet the requirements of Rule 8(a).

4

1  reviews, for example, label Plaintiff's products "poorly made" or
2  "too small" or "ugly," which would be statements of opinion?  Or do
3  they make falsifiable factual claims about Plaintiffs' blenders?
4  Secondarily, even if Defendant made statement of fact, were they
5  material?  These questions matter, because merely alleging that
6  Defendant said negative things about one's product is not stating a
7  claim for false advertising.  Plaintiffs must clarify its
8  allegations to state a cognizable false advertising claim based on
9  false reviews.  See, e.g., Newcal Indus., Inc. v. Ikon Office
10 Solution, 513 F.3d 1038, 1052-53 (9th Cir. 2008) (plaintiff had
11 "alleged all elements of a Lanham Act violation" when it listed
12 particular statements constituting false or misleading statements
13 of fact).
14      Secondarily, simply stating that "false reviews" can be found
15 somewhere on the internet does not provide sufficient notice to the
16 Defendant as to what exactly Plaintiff alleges, as the internet is
17 vast and contains multitudes.  And because the allegation is so
18 vague, it also does not tend to show that the audience is likely to
19 be deceived, that the message was placed into interstate commerce,
20 or that Plaintiff has been or is likely to be injured.  Some
21 indication of the nature and scope of the communication is required
22 to successfully allege false advertising.
23      Accordingly, the Court grants Defendant's motion to dismiss
24 Plaintiffs' false advertising claim based on false reviews, with
25 leave to amend.
26 **B.   Trade Dress Infringement Claim**
27      "Section 43(a) of the Lanham Act provides a remedy for a broad
28 range of deceptive marking, packaging and marketing of goods or

5

services in commerce." Fuddruckers, Inc. v. Doc's B.R. Others, Inc., 826 F.2d 837, 841 (9th Cir. 1987). Trade dress involves "the total image of a product and may include features such as size, shape, color or color combination, texture, graphics, or even particular sales techniques." Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 765 n. 1 (1992); see also One Indus., LLC v. Jim O'Neal Distrib., Inc., 578 F.3d 1154, 1165 (9th Cir. 2009).

To sustain a claim for trade dress infringement, Plaintiffs must specifically prove: "(1) that its claimed dress is nonfunctional; (2) that its claimed dress is inherently distinctive or has acquired secondary meaning; and (3) that the defendant's product or service creates a likelihood of consumer confusion." Clicks Billiards, Inc. v. Sixshooters, Inc., 251 F.3d 1252, 1259 (9th Cir. 2001).

As an initial matter, "[a] plaintiff seeking to recover for trade dress infringement under section 43(a) must show that its trade dress is protectable. . . ." Fuddruckers, Inc. v. Doc's B.R. Others, Inc., 826 F.2d 837, 841 (9th Cir. 1987). In particular, "a plaintiff must specifically define the list of elements that comprise the trade dress." Treat, Inc. v. Dessert Beauty, No. 05-923 PK, 2006 WL 2812770 at *14 (D. Or. May 5, 2006). "Only then can the court and the parties coherently define exactly what the trade dress consists of and determine whether the trade dress is valid and if what the accused is doing is an infringement." Id. (internal quotation marks and citation omitted). See also Globefill Inc. v. Elements Spirits, Inc., 473 F. App'x 685, 686 (9th Cir. 2012) (recognizing that Plaintiff's Second Amended Complaint alleged with specificity the elements of the trade dress

6

it sought to protect with the following factual description: "a bottle in the shape of a human skull, including the skull itself, eye sockets, cheek bones, a jaw bone, a nose socket, and teeth, and including a pour spout on the top thereof.").

Plaintiffs have not clearly articulated what comprises their claimed trade dress. Plaintiffs argue that they have sufficiently described their trade dress because they have provided a photograph of their trade dress in Exhibit 2 of the First Amended Complaint and have provided a written description to accompany it in the First Amended Complaint. (Pls. Opp'n. at p. 13, Dkt. 28.)

However, the written description solely describes the claimed trade dress as "the color scheme, fonts, phraseology, and overall look and feel" of Plaintiffs' product packaging. (FAC ¶ 18, Dkt. No. 12.) This description and the photograph alone do not sufficiently identify the particular elements of the packaging that they seek to protect. See Landscape Forms, Inc. v. Columbia Cascade Co., 113 F.3d 373, 381 (2d Cir. 1997) (holding that "focus on the overall look of a product does not permit a plaintiff to dispense with an articulation of the specific elements which comprise its distinct dress," because the court must be able to evaluate the claim and narrowly tailor relief). Plaintiffs have not sufficiently described their claimed trade dress.

Because the Court finds that Plaintiffs have not sufficiently described their trade dress, it need not reach whether Plaintiffs have sufficiently pled the elements of distinctiveness or likelihood of confusion.[3] See Keep a Breast Found. v. Seven Grp.,

---

[3] Both parties have briefed this issue. Without reaching the
(continued...)

7

No. 11-CV-00570 BEN WMC, 2011 WL 3240756, at *3 (S.D. Cal. July 28, 2011). Thus, the Court dismisses Plaintiffs' trade dress infringement claim with leave to amend.

**C.   Trade Libel Claim**

Under California law, "trade libel is an intentional disparagement of the quality of property, which results in pecuniary damage." Films of Distinction, Inc. v. Allegro Film Prod., Inc., 12 F. Supp. 2d 1068, 1081 (C.D. Cal. 1998). "To prove trade libel, Plaintiff must show (1) a statement that (2) was false, (3) disparaging, (4) published to others in writing, (5) induced others not to deal with it, and (6) caused special damages." New.Net, Inc. v. Lavasoft, 356 F. Supp. 2d 1090, 1113 (C.D. Cal. 2004).

"A cause of action for trade libel requires pleading and showing special damages." Piping Rock Partners, Inc. v. David Lerner Associates, Inc., 946 F. Supp. 2d 957, 981 (N.D. Cal. 2013). "Under federal pleading requirements, '[w]hen items of special damages are claimed, they shall be specifically stated.'" Isuzu Motors Ltd. v. Consumers Union of U.S., Inc., 12 F. Supp. 2d 1035, 1047 (C.D. Cal. 1998) (quoting Fed. R. Civ. P. 9(g)). "Thus, while the requirement that plaintiff plead special damages arises from state law governing a claim for product disparagement, the requirement that special damages be specifically pleaded stems from Fed. R. Civ. P. 9(g)." Id.

---

[3](...continued)
merits of this issue, the Court notes that Plaintiffs need to allege facts to establish all three elements of their trade dress infringement claim. A mere recitation of the required elements and/or conclusory allegations will not survive a motion to dismiss.

8

Plaintiffs cannot satisfy the special damages requirement for trade libel under California law. Plaintiffs argue that they have sufficiently established special damages in support of their trade libel claim by pleading that they have suffered "lost sales, disruption of business relationships, loss of market share and of customer goodwill" and by requesting $3 million dollars in damages in their prayer for relief. (Pls. Opp'n. at p. 17-18, Dkt. 28)

However, Plaintiffs' general statements of economic loss and bare statement for relief of $3 million dollars in damages do not sufficiently identify special damages. See Isuzu Motors, 12 F. Supp. 2d 1035, 1047 (C.D. Cal. 1998) (finding a claim for special damages from "the loss of revenue from wholesale and retail sales of [plaintiff]" to be a bare allegation of the amount of pecuniary loss and therefore to be inadequate). Plaintiffs generally seek damages in the amount of $3 million for the false advertising, unfair competition, and trade libel claims. But Plaintiffs do not allege specifically what amount of that total is attributable to the libelous statements as a whole. See First Advantage Background Servs. Corp. v. Private Eyes, Inc., 569 F. Supp. 2d 929, 938 (N.D. Cal. 2008) (party did not adequately plead special damages where it alleged a total loss of $4-$5 million but did not provide specific damages for the trade libel claim).

Moreover, to recover damages based on general business loss, Plaintiffs "should have alleged facts showing an established business, the amount of sales for a substantial period preceding the publication, the amount of sales subsequent to the publication, [and] facts showing that such loss in sales were the natural and probable result of such publication[.]" Isuzu Motors, 12 F. Supp.

9

2d 1035, 1047 (C.D. Cal. 1998) (citations omitted). Plaintiffs did not set forth any factual allegations other than that Plaintiffs lost sales, market share, and customer goodwill. This conclusory statement is not sufficient to properly plead special damages for trade libel under California law.

Thus, the Court finds that Plaintiffs have failed to satisfy the special damages requirement for a trade libel claim. Accordingly, the Court grants Defendant's motion to dismiss Plaintiffs' claim for trade libel, with leave to amend.

**D.   California False Advertising and Unfair Competition Claims**

"The Ninth Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." Cleary v. News Corp., 30 F.3d 1255, 1262-63 (9th Cir. 1994); see also Japan Telecom, Inc. v. Japan Telecom Am. Inc., 287 F.3d 866, 875 (9th Cir. 2002) (plaintiff's "California unfair competition claim fails because its related Lanham Act claims fail"); Denbicare U.S.A., Inc. v. Toys "R" Us, Inc., 84 F.3d 1143, 1152–53 (9th Cir. 1996), *abrogated on other grounds* (dismissal of plaintiff's § 17200 and § 17500 claims were proper since plaintiff's Lanham Act claim was properly dismissed); Cosmos Jewelry, Ltd. v. Po Sun Hon Co., No. 06-56338, 2009 WL 766517, at *2 (9th Cir. Mar. 24, 2009) ("Because we affirm the finding of trademark infringement, we also affirm the finding of unfair competition").

Because their related Lanham Act claims fail for the reasons stated above, the Court dismisses Plaintiffs' Cal. Bus. & Prof. Code § 17200 and 17500 claims as to 1) Plaintiffs' false

advertising claim based on allegedly false reviews, and 2) Plaintiffs' trade dress infringement claim.

**E.   Cal. Bus. & Prof. Code Section 17508 Claim**

"It shall be unlawful for any person doing business in California and advertising to consumers in California to make any false or misleading advertising claim, including claims that (1) purport to be based on factual, objective, or clinical evidence, (2) compare the product's effectiveness or safety to that of other brands or products, or (3) purport to be based on any fact." Cal. Bus. & Prof. Code § 17508(a).

Defendant argues that Plaintiffs, as private persons, cannot sustain a claim for false advertising under § 17508. (Mot. Dismiss at p. 24-25.) Defendant claims that "the statute can only be invoked by certain California public officials, namely 'the Director of Consumer Affairs, the Attorney General, any city attorney, or any district attorney.'" (Id.) Plaintiffs counter that a private plaintiff *can* assert a claim under § 17508, although he cannot take advantage of the substantiation and burden-shifting provisions in subdivisions (b)-(c) of the statute. (Opp'n at 19:1-14.)

The application of Cal. Bus. & Prof. Code. § 17508 is somewhat unclear. Although it is clear that a private plaintiff cannot take advantage of the "substantiation" provisions of the statute, Cal. Bus. & Prof. Code. § 17508(b)-(c), it is less certain whether the statute permits private persons to bring suit at all. There is a dearth of reported cases dealing with § 17508: the Court has found only 23 cases in Westlaw's database that even mention the statute, and in many of those the statute is not actually at issue in the

11

case. The closest any California court has come to answering the question is in Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc., where the appeals court held that the substantiation procedure "is limited to prosecuting authorities and may not be utilized by private persons." 107 Cal. App. 4th 1336, 1343 (2003). The court also stated immediately thereafter that "[B]oth private persons and prosecuting authorities may sue to enjoin false advertising and obtain restitution . . . ." Id. at 1344. Because the plaintiff in that case had brought its complaint under § 17500 (the general false advertising law), however, and because the discussion of § 17508 revolved primarily around establishing burden of proof under the state's false advertising law generally, the court's statements are not helpful in determining whether § 17508 can be the basis of an independent cause of action.

However, Plaintiff brings its Fifth Cause of Action under § 17500 *and* § 17508. § 17500 prohibits and makes actionable false advertising generally. Logically it is surely the case that *specific* flavors of false advertising are actionable under the *general* false advertising provisions of § 17500, at least absent a statutory exemption. Section 17508 seems to serve as the opposite of a statutory exemption: it is more like a statutory inclusion, clarifying specifically that advertising that makes false statements of verifiable fact, including false comparisons, is unlawful. Several of the sections that follow § 17500 seem to fill this function, specifying particular kinds of unlawful false advertising, all of which are presumably actionable under § 17500. See Cal. Bus. & Prof. Code § 17505 (prohibiting the misrepresentation of ownership or control); Cal. Bus. & Prof. Code

12

§ 17505.2 (prohibiting misrepresentation of one's status as a recreation therapist); Cal. Bus. & Prof. Code § 17507 (prohibiting failure to adequately identify pricing when advertising multiple items of the same type). Although it *also* creates the substantiation mechanism, § 17508 first identifies a particular kind of unlawful false advertising: false comparative advertising. See § 17508(a). As false advertising is actionable under § 17500, it becomes somewhat academic to ask whether the claim is "under" § 17508 as well, or whether § 17508 merely clarifies that false comparative advertising is, indeed, actionable false advertising under § 17500.[4]

The Court therefore holds that a sufficiently well-pled claim that Defendants made false comparative statements in advertising is permissible under California false advertising law. Because this claim shares the same factual predicate as Plaintiffs' federal false advertising claim, and because Defendant has withdrawn its motion to dismiss Plaintiffs' federal false advertising claims as to NUTRI NINJA's packaging, (Reply at 2:1-5), the Court denies the motion to dismiss as to the Fifth Cause of Action for false advertising under state law.

**IV. Conclusion**

For the foregoing reasons Defendant's motion to dismiss Plaintiffs' First Amended Complaint is GRANTED IN PART. It is

---

[4] California courts apparently allow plaintiffs to bring claims under multiple sections of the "False Advertising" portion of the Code at once, which lends support to the Court's interpretation of the statute. E.g., Blatty v. New York Times Co., 42 Cal. 3d 1033, 1038 (1986) ("In his amended complaint Blatty . . . asserted . . . false and misleading advertising in violation of Business and Professions Code sections 17500 to 17508 . . . .").

13

1  GRANTED as to Plaintiff's Lanham Act claims with regard to "false
2  reviews" and trade dress infringement, as well as related state
3  unfair competition claims.  It is further GRANTED as to Plaintiff's
4  trade libel claim.  However, the motion is DENIED as to Plaintiff's
5  federal claim regarding the comparison chart on Defendant's
6  packaging, and it is also denied as to Plaintiff's related claims
7  under Cal. Bus. & Prof. Code §§ 17200, 17500, and 17508.  Plaintiff
8  is GRANTED LEAVE TO AMEND; such amendment must be filed with the
9  Court no later than ten days from the effective date of this order.

IT IS SO ORDERED.

Dated: November 5, 2014

                                        DEAN D. PREGERSON
                                        United States District Judge