UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HOMELAND HOUSEWARES, LLC, and NUTRIBULLET, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>EURO-PRO OPERATING LLC,<br><br>Defendant. | Case No. 2:14-cv-03954-DDP-MAN<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE STIPULATION OF THE PARTIES** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation For Entry Of A Protective Order ("Stipulation") filed on November 26, 2014, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been deleted (paragraph 1) or substantively modified by the Court's amendment of paragraphs 5.2(b), 9(c), and 12 of the Stipulation.

1  The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, Highly Confidential – Attorneys' Eyes Only, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, Highly Confidential – Attorneys' Eyes Only, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as Confidential, Highly Confidential – Attorneys' Eyes Only, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

Further, notwithstanding any other provision of this Protective Order, no obligation is imposed on the Court or its personnel beyond those imposed by the Court's general practices and procedures.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE DEAN D. PREGERSON, UNITED STATES DISTRICT JUDGE.**

**AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT**[1]

---

[1] The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

1. [DELETED]

2. DEFINITIONS

    2.1. <u>Challenging Party</u>. A Party or Non-Party that challenges the designation of information or items under this Order.

    2.2. <u>"CONFIDENTIAL" Information or Items</u>. Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    2.3. <u>Counsel (without qualifier)</u>. Outside Counsel of Record and House Counsel (as well as their support staff).

    2.4. <u>Designating Party</u>. A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    2.5. <u>Disclosure or Discovery Material</u>. All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, electronically stored information, and tangible or intangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.6. <u>Expert</u>. A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee or owner (not to include shareholders of publicly traded companies) of a Designating Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Designating Party's competitor.

    2.7. <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Extremely sensitive "Confidential Information or Items," the disclosure of which to a competitor or other Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

1   2.8.  House Counsel.  Attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9.  Non-Party.  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10.  Outside Counsel of Record.  Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11.  Party.  Any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12.  Producing Party.  A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13.  Professional Vendors.  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14.  Protected Material.  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15.  Receiving Party.  A Party that receives Disclosure or Discovery Material from a Producing Party.

2.16.  Privileged Material.  Communications, documents or information protected by the attorney-client privilege, work product doctrine, or any other privilege.

3. SCOPE

The protections conferred by this Order cover both Protected Material (as defined above), and (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order <u>do not</u> cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

    5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that

qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or slow the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If a Designating Party learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties in writing that it is withdrawing the mistaken designation.

5.2.   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings): the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or a substantially similar legend) to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

1  markings in the margins) and must specify, for each portion, the level of protection
2  being asserted.  To the extent documents are produced in native format, it shall be
3  sufficient for the Producing Party to either include the terms "CONFIDENTIAL"
4  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the file name
5  for the document and/or to include an associated placeholder document bearing the
6  terms "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
7  EYES ONLY" (or a substantially similar legend).

8       A Party or Non-Party that makes original documents or materials available
9  for inspection need not designate them for protection until after the inspecting
10 Party has indicated which material it would like copied and produced.  During the
11 inspection and before the designation, all of the material made available for
12 inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
13 ONLY."  After the inspecting Party has identified the documents it wants copied
14 and produced, the Producing Party must determine which documents, or portions
15 thereof, qualify for protection under this Order.  Then, before producing the
16 specified documents, the Producing Party must affix the appropriate legend
17 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
18 ONLY") to each page that contains Protected Material.  If only a portion or
19 portions of the material on a page qualifies for protection, the Producing Party also
20 must clearly identify the protected portion(s) (e.g., by making appropriate
21 markings in the margins) and must specify, for each portion, the level of protection
22 being asserted.  To the extent documents are produced in native format, it shall be
23 sufficient for the Producing Party to either include the terms "CONFIDENTIAL"
24 or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the file name
25 for the document and/or to include an associated placeholder document bearing the
26 terms "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
27 EYES ONLY" (or a substantially similar legend).
28

(b) <u>For testimony given in deposition</u>: the Designating Party shall identify on the record, before the close of the deposition, all protected testimony and specify the level of protection being asserted. Alternatively, the Designating Party may identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted within 30 days following receipt of the reporter's transcript of the deposition (or longer if agreed to by the Parties). Only those portions of the testimony that are appropriately designated for protection within the 30 days (or longer if agreed to by the Parties) shall be covered by the provisions of this Order. A Designating Party may specify, at the deposition or within 30 days of receipt of the reporter's transcript (or longer if agreed to by the Parties) that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the extent such a designation is consistent with the other terms of this stipulation. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>For information produced in some form other than documentary and for any other tangible items</u>: the Producing Party shall affix in a prominent

place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or a substantially similar legend). If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. *See* Local Rule 37-1. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.

The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of

communication are not sufficient) within ten (10) days of the date of service of the written notice requesting the conference. *See* Local Rule 37-1. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and to explain the basis for the chosen designation if no change in designation is offered.

A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3. <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion to challenge the confidentiality designation pursuant to the procedures set forth in Local Rule 37-2. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

6.4. <u>Status of Challenged Designation Pending Judicial Determination</u>. All parties shall continue to afford the Protected Material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation (including any related appeals). Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When

the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below regarding final disposition.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The Court and its personnel;

(e) Court reporters and their staff and professional jury or trial consultants who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) Professional Vendors to whom disclosure is reasonably necessary for this litigation[1];

---

[1] To the extent counsel provides Protected Material to a Professional Vendor, counsel is responsible for the Vendor's adherence to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed "Acknowledgment and Agreement to Be Bound" in the form attached as Exhibit A.

11
[PROPOSED] PROTECTIVE ORDER
18570103v.1

(g) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(h) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3. Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The Court and its personnel;

(e) Court reporters and their staff and professional jury or trial consultants who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (f)    Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

      (g)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY that Party must:

      (a)    Promptly notify the Designating Party in writing. Such notification shall include a copy of the subpoena or court order;

      (b)    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

      (c)    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. Promptly notify the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party by sending written notice;

2. Promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. Make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its

Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify the Designating Party of the unauthorized disclosures in writing, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent disclosure of Privileged Material shall not constitute a waiver of any privilege or other protection if the Producing Party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure. The Producing Party will be deemed to have taken reasonable steps to prevent Privileged Material from inadvertent disclosure if that party utilized techniques such as but not limited to, attorney screening, keyword search term screening, advanced analytical software applications and/or linguistic tools in screening for privilege, work product, or other protection.

In the event of the inadvertent disclosure of Privileged Material, the Producing Party shall be deemed to have taken reasonable steps to rectify the error of the disclosure if, within 30 days from the date that the inadvertent disclosure was discovered or brought to the attention of the Producing Party, the Producing Party notifies the Receiving Party of the inadvertent disclosure and instructs the

Receiving Party to promptly sequester, return, delete, or destroy all copies of the inadvertently produced Privileged Material (including any and all work product containing such Privileged Material). Upon receiving such a request from the Producing Party, the Receiving Party shall promptly sequester, return, delete, or destroy all copies of such inadvertently produced Privileged Material (including any and all work product containing such Privileged Material), and shall make no further use of such Privileged Material (or work product containing such Privileged Material).

The Receiving Party also has an ethical obligation to notify the Producing Party if it receives communications, documents, or information that obviously appear to constitute Privileged Material.

12. PRIVILEGE LOGS

To the extent that the Parties produce privilege logs for materials withheld for attorney-client privilege or pursuant to the work product doctrine (or other privileges or doctrines), the format and content shall be as follows, absent further Court order: The privilege log shall contain names extracted from the topmost e-mail message or document (To, From, CC, BCC), the date of the topmost e-mail or document, and the basis for the assertion of a privilege or other protection. The Producing Party shall create a single log entry for each e-mail chain or string. A Producing Party's logging of the topmost e-mail shall be deemed to assert protection for all of the Privileged Material in an e-mail string or chain, including multiple redactions or multiple segments.

Attorney-client privileged communications and attorney work product created by or on behalf of Counsel for the Parties after the initiation of and/or as part of their representation in this action need not be included in any privilege log.

13. MISCELLANEOUS

13.1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

1  13.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3. <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal with prior Court approval.

14. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4, above, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials

1 contain Protected Material. Any such archival copies that contain or constitute
2 Protected Material remain subject to this Order as set forth in Section 4, above.
3     **IT IS SO ORDERED.**

Dated: February 26, 2015

_____
Margaret A. Nagle
United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [full name], of _____ [address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order (the "Order") that was issued by the United States District Court for the Central District of California on [date] in the case of *Homeland Housewares, LLC and Nutribullet, LLC v. Euro-Pro Operating LLC*, C.D. Cal. Case No. 2:14-cv-03954-DDP-MAN.

I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date:_____

City and State where sworn and signed:_____

Printed Name:_____

Signature:_____