O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMELAND HOUSEWARES, LLC, a California LLC; NUTRIBULLET, LLC, a California LLC,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SHARKNINJA OPERATING LLC,<br><br>　　　　　Defendant. | Case No. CV 14-03954 DDP (MANx)<br><br>**ORDER RE: (1) MOTION TO EXCLUDE UNTIMELY PRODUCED DOCUMENT EP0063510 AND (2) MOTION TO EXCLUDE EXPERT WITNESS BRIAN LAGARTO**<br><br>[Dkt. Nos. 149, 150] |

　　Presently before the Court are Plaintiffs' two motions: (1) Motion to Exclude Untimely Produced Document EP0063510 and (2) Motion to Exclude Expert Witness Brian Lagarto. (Dkt. Nos. 149, 150.) After hearing oral argument and considering the parties' submissions, the Court adopts the following Order.

**I.　BACKGROUND**

　　This trademark and false advertising case alleges that Sharkninja produced a blender, the Nutri Ninja Pro (or "BL450"), with false advertising on its packaging.

　　Relevant to the Motions at issue here, fact discovery in this case ended on November 30, 2015, other than a few previously-scheduled depositions, which were scheduled for February 2016.

(Scheduling Order, Dkt. No. 128; Order Granting Stipulation to Modify Scheduling Order, Dkt. No. 137.) Trial in this case is scheduled for September 13, 2016. (Order Granting Second Stipulation to Modify Scheduling Order, Dkt. No. 145.) Since late 2014, written discovery and document production requests have traded back and forth between the parties. (See Mot. Exclude Document, Dkt. No. 149, at 4-7; Opp'n to Mot. Exclude Document, Dkt. No. 172, at 2-4.)

Plaintiffs requested documents related to Defendant's cost of production, design, manufacture, development, and other related information about the blender at issue in the case. (Mot. Exclude Document at 4-7.) Defendant responded with Excel spreadsheets of financial information and other forms of discovery responses. (Id.) Defendant claimed one document, EP0059612, could be used to calculate cost information, although Plaintiffs argue the document did not clearly contain cost information. (Id. at 5-6.) A later-disclosed, non-Bates-labeled document purported to put forth the total cost of goods sold, without explanation of how that figure was calculated. (See id. at 6.) Defendant disclosed this non-Bates-labeled document the day before Plaintiffs took the depositions of Defendant's Senior VP of Strategic Sales, Neil Shah, and Associate Director of Marketing and Product Manager, Katherine Hebert. (Id. at 6-7.) On November 16, 2015, the document with the total cost of goods sold was formally produced as Bates number EP0063392. (Id. at 7.)

On December 30, 2015, Plaintiffs requested Defendant confirm that it had produced all relevant and responsive documents to Plaintiffs' previous requests — including cost data — in

preparation for the final February depositions. (Id.; Trojan Decl., Ex. 8, Dkt. No. 159.) On February 8, 2016, Defendant produced the document at issue in both of these Motions: "the Financial Excel Sheet," or document EP0063510. (Mot. Exclude Document at 7.) This document was produced with defense counsel's email stating that the document contained a more complete analysis of the expenses involved in the blender at issue during the relevant timeframe. (Trojan Decl., Ex. 1, Dkt. No. 159.)

On the next two days, Plaintiffs took the depositions of Defendant's President, Mark Barrocas, and CEO, Mark Rosenzweig. (Id.) On February 19, 2016, Plaintiffs served their damages expert's report on Defendant pursuant to the modified Scheduling Order and internal dates set by the parties. (Id.) That same day, Defendant filed its expert witness disclosures, listing Brian Lagarto, Defendant's Executive VP and CFO, as an expert. (Mot. Exclude Lagarto, Dkt. No. 150, at 4.) Defendant did not disclose an expert report from him,[1] but stated that Lagarto was expected to testify about Defendant's revenue and profits from the blender, including the expenses and costs involved in calculating those amounts and the accounting principles that support those calculations. (Trojan Decl., Ex. 11, Dkt. No. 159.)

The expert discovery deadline in the case is April 29, 2016. (Order Granting Second Stipulation to Modify Scheduling Order, Dkt. No. 145.) The dispositive motion filing deadline is June 6, 2016. (Id.)

---

[1] Accord to Defendant, and apparently not disputed by Plaintiffs, an expert report was not necessary from Lagarto under FRCP 26 (a)(2)(B) and (C).

3

**II. LEGAL STANDARD**

The Federal Rules of Civil Procedure ("FRCP") govern the discovery process and provide the sanctions for failing to follow the rules. Here, Plaintiffs claim that Defendant has failed to timely produce a document and seeks to use an improper expert witness. Plaintiffs claim Defendant should suffer some sanction for violating the discovery rules, such as exclusion of the document and the alleged expert witness. The standard for failing to disclose is:

> **(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
>
> **(1) Failure to Disclose or Supplement.** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). The referenced "other appropriate sanctions" are:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

```
     (iii) striking pleadings in whole or in part;
     (iv)  staying further proceedings until the order is obeyed;
     (v)   dismissing the action or proceeding in whole or in
           part;
     (vi)  rendering a default judgment against the disobedient
           party;
     . . . .
```

Fed. R. Civ. P. 37(a)(2)(A)(i)-(vi).

FRCP 26(a) provides for "Required Disclosures," including initial disclosures of "documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P. 26(a)(1)(A)(ii).

Subsection (e) governs "supplementing disclosures and responses."  Fed. R. Civ. P. 26(e).  Specifically, FRCP 26(e) states:

> **(e)  Supplementing Disclosures and Responses.**
>
> **(1)  In General.** A party who has made a disclosure under Rule 26(a) — or who has responded to an interrogatory, request for production, or request for admission — must supplement or correct its disclosure or response:
>
> (A)  in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B)  as ordered by the court.
>
> **(2)  Expert Witness.** For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or

1                  changes to this information must be disclosed by
2                  the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Fed. R. Civ. P. 26(e).

"The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." R & R Sails, Inc. v. Ins. Co. of Penn., 673 F.3d 1240, 1246 (9th Cir. 2012).

**III. ANALYSIS**

Plaintiffs argue that the Court should exclude both the untimely document EP0063510 and the expert witness Brian Lagarto. Plaintiffs' main argument for excluding EP0063510 is that the document was untimely produced — after the close of fact discovery — and such untimeliness prejudices Plaintiffs and is without cause. (Mot. Exclude Document at 9-10.) Plaintiffs claim the facts in the document have been known to Defendant since 2014 because the data covers only the time period of May to September 2014. (Id. at 16-17.) The document is prejudicial because Defendant seeks to use it as the basis for offsets from Plaintiffs' potential damages, but Plaintiffs' damages expert did not have the opportunity to analyze the document or take fact discovery about its underlying facts. (Id. at 9-14.)

Plaintiffs' main arguments for excluding Lagarto are that (1) his expert testimony is only a guise to lay the foundation for and enter into evidence the facts in EP0063510, which should itself be excluded, and thus Lagarto's testimony should be excluded; and (2) his testimony does not qualify as expert testimony because the subject matter does not fall under Federal Rule of Evidence ("FRE") 702. (Mot. Exclude Lagarto at 5-8.) Further, to the extent

6

Lagarto would testify as a fact witness, Plaintiffs argue he should still be excluded because he was untimely disclosed. (Id. at 9-11.)

Defendant claims that it disclosed EP0063510 as a supplement to previous timely disclosures relating to the cost and other related information about the blender model at issue in the case; thus, the production was consistent with the rules for supplementing previous disclosures in FRCP 26(e)(1). (Opp'n to Mot. Exclude Document at 5-6, 12-13.) Further, to the extent the document's production could be seen as untimely, Defendant argues that the Court should not exclude the document but perhaps choose some other form of sanction because there is no prejudice to Plaintiffs — or any prejudice could be cured — and the information in the document is very important to Defendant's case. (Id. at 7-12.)

Defendant also argues that Lagarto's testimony is not necessarily tied to EP0063510, although he would speak about the information contained in the document, and his testimony is properly expert testimony under FRE 702. (Opp'n to Mot. Exclude Lagarto at 5-9.) Defendant claims Plaintiff must bring a different motion, after taking Lagarto's deposition to see what his testimony really is, in order to exclude him as an expert. (Id. at 3.) Further, Defendant argues that if the Court finds that Lagarto does not qualify as an expert witness, then the Court should allow Lagarto to testify as a fact witness. (Id. at 9-11.)

**A.   Timeliness of Document EP0063510's Production**

Here, Defendant produced the document after the close of discovery, and thus it is untimely disclosed without some

7

explanation. Defendant claims that during the settlement discussions after discovery ended, it realized that its previous disclosures of costs and other related financial information was incorrect or incomplete because it included information from sales not at issue in the case. (Wilton Decl. ¶ 6, Dkt. No. 167.) Also, Defendant wanted to provide additional explanation of the expenses because at the settlement discussions, Plaintiffs contested the expenses claimed because the expenses were not set out in detail in the earlier-disclosed document (EP0063392) and Shah's testimony. (Id.)

However, waiting for settlement procedures or realizing that the facts already disclosed were insufficient or not beneficial to the defense case are not good reasons for late disclosure, particularly where the facts were known to Defendant prior to disclosure and directly responsive to Plaintiffs' discovery requests. The facts in the document all came from May to September 2014, but were not provided to Plaintiffs until February 2016. Because there is no reason for such timing, putting aside settlement and late realizations by Defendant, the Court holds that the disclosure is untimely, even as a supplement to previous disclosures.

**B.   Rule 37 Consequences**

"In determining whether to preclude introduction of evidence pursuant to Federal Rule of Civil Procedure 37, courts consider (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing

8

party's explanation for its failure to disclose the evidence." Dey, L.P. v. Ivax Pharm., Inc., 233 F.R.D. 567, 571 (C.D. Cal. 2005) (citing S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592 (4th Cir. 2003)).

### 1.  Surprise to Plaintiffs

There is substantial surprise to Plaintiffs in this case because the document came far after fact discovery closed and on the eve of two important but late-scheduled depositions.  It was also shortly before the initial expert reports were due.  Further, Plaintiffs had repeatedly asked for the information contained in the document since 2014.  Therefore, this factor weighs in favor some form of sanction being imposed.

### 2.  Ability to Cure Surprise

However, the prejudice to Plaintiffs can be cured short of excluding the document.  If Plaintiffs take the deposition of Lagarto, who is the defense expert on the claim of cost offsets to any damages award, then Plaintiffs would be able to conduct needed discovery on the document and Defendant's claims.  Further, if expert discovery is extended and Plaintiffs' damages expert allowed to modify his findings, then the concerns about Plaintiffs' expert's report being incomplete would be alleviated.  Cutting against the ability the cure the prejudice is that Plaintiffs would still need to have fact discovery on the underlying facts contained in the document, which raises the issue of disrupting the dates set in the Scheduling Order.

### 3.  Disruption of Trial

If discovery is reopened, then trial may need to be delayed. But the dispositive motion filing deadline is scheduled in June for

a trial in September, which leaves sufficient time to extend discovery and dispositive motion deadlines while still maintaining the same trial date. Further, the trial date can be moved if necessary to accommodate further discovery.

### 4. Importance of the Evidence

As Defendant argued, the document contains evidence that is important to the defense case. The document provides evidence of the blender's cost, which is allowed as an offset to the potential damages Plaintiffs could recover.

### 5. Defendant's Explanation

Cutting against admission of the document, Defendant has no solid explanation for why the information was disclosed so late. It may be that Defendant did not realize that the previous disclosures did not contain this information, but the differences among all the different documents make this argument not very credible.

But this fact does not necessarily point to discovery gamesmanship, either. There is no evidence of bad faith or attempts at strategic advantage. Instead, it appears that Defendant realized after settlement discussions that it had not adequately provided information regarding its costs or cost calculations. This realization appears caused by Plaintiffs' substantive attacks on Defendant's numbers at the settlement discussions. Thus, the document does supplement previous discovery responses, but it is still unclear why that information was not provided in the first instance. Therefore, there is no real basis for why the evidence was untimely disclosed, but also no facts showing that there was any bad faith.

**C. Consequences**

The Court finds that the evidence is important to the defense case and that the prejudice to Plaintiffs can be cured, thus militating against excluding the document. While the evidence was untimely disclosed and without good reason, trial is still far enough away to allow the document in and also allow Plaintiffs to conduct discovery on it.

However, because Defendant was untimely and has created prejudice to Plaintiff through its inadequate discovery disclosures, the Court orders Defendant to pay Plaintiffs' reasonable costs of any further fact discovery Plaintiffs must take based on the document, as well as any further expert discovery relating to the document. The "costs" referenced here include reasonable travel expenses for depositions and the costs of the depositions themselves, but not attorneys' fees. The depositions include the deposition of Lagarto as well as any percipient fact witnesses. Plaintiffs are allowed to reopen fact discovery for 60 days from the date of this Order for the limited purpose of discovery related to the document at issue in this Motion. An updated expert report may also be submitted on the basis of this information and investigation.

**D. Testimony of Lagarto**

Lagarto was timely disclosed as an expert by Defendant and his testimony as described in the expert disclosure appears to be within the scope of FRE 702. However, more information would be needed to determine the *admissibility* of any testimony he may give. Thus, Plaintiffs would need to take his deposition to present evidence that Lagarto or his testimony does not fit under FRE 702.

11

At this stage, his inclusion as an expert is allowed, but Plaintiffs can raise issues as to his suitability at a later stage, if appropriate.

**IV. CONCLUSION**

For all the reasons stated above, the Court GRANTS in part and DENIES in part Plaintiffs' Motion to Exclude Document and DENIES Plaintiffs' Motion to Exclude Expert Witness Brian Lagarto without prejudice, as described above.

IT IS SO ORDERED.

Dated: April 27, 2016

DEAN D. PREGERSON
United States District Judge