O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMELAND HOUSEWARES, LLC, a California LLC; NUTRIBULLET, LLC,L a California LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SHARKNINJA OPERATING LLC,<br><br>　　　　Defendants.<br>_____ | Case No. CV 14-03954 DDP (MANx)<br><br>**ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND MOTION TO EXCLUDE EXPERT TESTIMONY OF SARAH BUTLER**<br><br>[Dkt. Nos. 185, 186, 189] |

　　　Presently before the court are: (1) Plaintiffs Homeland Housewares, LLC, and Nutribullet, LLC (collectively "Plaintiffs" or "Homeland")'s Motion for Summary Judgment or, in the Alternative, Summary Adjudication of Plaintiffs' False Advertising Claim; (2) Plaintiffs' Motion to Exclude the Expert Testimony of Sarah Butler; and (3) Defendant SharkNinja Operating LLC ("SharkNinja")'s Motion for Summary Judgment or, in the Alternative, for Partial Summary Judgment. (Dkt. Nos. 185, 189, 186). After considering the parties' submissions and hearing oral argument, the court enters the following Order.

## I. BACKGROUND

The court has set forth the relevant background in several previous Orders. (See Dkts. 33, 39, 46, 69.) In brief, Homeland and SharkNinja are competitors in the home blender market. (Decl. Kaitlyn Hebert in support of Def.'s Mot. Summ. J. ("Def. Mot."), ¶3.) Primarily at issue in this case is a comparison chart printed on the packaging for SharkNinja's NutriNinja Pro ("BL450") product. (Wilton Decl., Exs. 5 & 6.) The chart in question, labeled "NUTRI NINJA vs. NUTRIBULLET," compares the products along various criteria including wattage, speed, portability, and other features. (Id.) Notably, the chart does not specify whether it is comparing the BL450 to a particular Nutribullet model or all Nutribullet products.

According to Homeland, the chart constitutes false advertising that is entirely inaccurate as to the higher end NutriBullet Pro ("NB 900") and largely inaccurate as to the NutriBullet Classic ("NB 600"). This court previously granted a preliminary injunction requiring SharkNinja to remove the allegedly infringing statements from the BL450 box. (Dkt. 33 at 17-18.) Homeland now brings a motion for summary judgment, and in the alternative, for summary adjudication, of its false advertising claims against SharkNinja. Homeland also moves to exclude the testimony of SharkNinja's expert Sarah Butler who has conducted a survey on certain aspects of how consumers interpret the BL450's packaging. SharkNinja has moved for summary judgment, and in the alternative, for summary adjudication, on all claims.

**II. LEGAL STANDARD**

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences from the evidence must be drawn in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 242 (1986). If the moving party does not bear the burden of proof at trial, it is entitled to summary judgment if it can demonstrate that "there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 323.

Once the moving party meets its burden, the burden shifts to the nonmoving party opposing the motion, who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. Summary judgment is warranted if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248.

There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp._,_ 475 U.S. 574, 587 (1986).

It is not the court's task "to scour the record in search of a genuine issue of triable fact." Keenan v. Allan_,_ 91 F.3d 1275, 1278 (9th Cir. 1996). Counsel has an obligation to lay out their support clearly. Carmen v. San Francisco Sch. Dist._,_ 237 F.3d 1026, 1031 (9th Cir. 2001). The court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." Id.

**III. DISCUSSION**

    **A.   Daubert Motion and Summary Judgment Claims**

Plaintiff moves to exclude the testimony of Defendant's expert Sarah Butler under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993). Having reviewed the expert report and considered the parties' arguments, the court DENIES the motion. Furthermore, both parties seek summary judgment, or in the alternative, summary adjudication on the false advertising claim arising under Lanham Act section 43. Defendant also seeks summary judgment on Homeland's state law claims for unfair competition, false advertising, and trade libel. Having considered the admissible record evidence, the court finds there are triable issues of fact and DENIES summary judgment on all claims.

### B.   Plaintiff Homeland Houseware's Standing

Pursuant to the Supreme Court's decision in <u>Lexmark Intern. v. Static Control Components</u>, 134 S. Ct. 1377 (2013), a party seeking to establish standing to recover under Section 43(a) of the Lanham Act must meet the minimum requirements of Article III standing–injury, causation, and redressability–and must also "plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendants misrepresentations." <u>Id.</u> at 1395. The requirement that a plaintiff allege "injury to a commercial interest in reputation or sales" exists to ensure that their claims come within the zone of interests protected by the statute. <u>Id.</u> at 1390. While a plaintiff may initially rely on allegations to meet the standing, they "cannot obtain relief without *evidence* of injury." <u>Id.</u> at 1395.

SharkNinja contends that Homeland Housewares LLC lacks standing and must be dismissed from the action. (Def. Mot. 24.) Specifically, SharkNinja argues that Homeland Housewares lacks a personal stake in the outcome of the lawsuit and cannot show sales or reputational injury. (<u>Id.</u>) In support, SharkNinja notes that Homeland Housewares admits it has never manufactured, marketed, or sold any of the products at issue in this case. (Price Decl., Ex. 27 (Sapire Depo.), 14:3-15:2, 20:2-16, 22:20-22.) While Homeland Housewares did own intellectual property in the Nutribullet trademark, SharkNinja also asserts that the mark was assigned to non-party CapBran Holdings, LLC in September 2015. (Def. Mot. 24.)

Plaintiffs respond that Homeland Housewares has adequately alleged reputational injury to meet the <u>Lexmark</u> requirements. In Plaintiffs' view, SharkNinja's allegedly false advertising damages

5

the reputation of Homeland products in the mind of consumers and retail buyers. (Pl. Opp'n 22-23.) Even if Homeland did not manufacture the disparaged products, it still suffers reputational injury because of its association with the product. In support, Plaintiffs rely on Lexmark's teaching that "when a defendant harms a plaintiff's reputation by casting aspersions on its business, the plaintiff's injury flows directly from the audience's belief in the disparaging statements." Lexmark, 134 S. Ct. 1393. While Plaintiffs concede that Homeland Housewares assigned its trademark rights in 2015 to a non-party, it contends that assignment is irrelevant for purposes of standing, which "'is determined by the facts that exist at the time the complaint is filed.'" (Pl. Opp'n 24 (quoting Clark v. City of Lakewood, 259 F.3d 996, 1006 (9th Cir. 2001)).) Plaintiffs also state that Homeland Housewares retained the right to prosecute claims on the non-party's behalf. (Pl. Opp'n 24.) Defendants contest this assertion because they read the original assignment as also transferring the right to sue. (Def. Reply 22 (citing Wilton Decl., Ex. 20).)

At this juncture, the court concludes that Homeland has adequately alleged facts regarding injury to its reputation to meet Lexmark's standing inquiry. Contrary to SharkNinja's argument, Homeland Housewares does not assert injury solely on the grounds that they are a "sister corporation" of Nutribullet. Rather, the claim is grounded in allegations that it was the owner of the relevant trademark at the time the suit was initiated and that it was the company that invested money into building the BULLET blenders brand. (See First Amended Complaint ¶ 4.) If at trial, SharkNinja is able to substantiate its argument that Homeland

6

Housewares suffered no injury, it might then preclude Homeland Housewares from recovering, but dismissing Homeland Housewares at this stage is unwarranted.

**IV. CONCLUSION**

For the reasons state above the Cross-Motions for Summary Judgement, or, in the Alternative, Summary Adjudication and the Motion to Exclude the Expert Testimony of Sarah Butler are all DENIED.

IT IS SO ORDERED.

Dated: August 2, 2016

DEAN D. PREGERSON
United States District Judge